UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER STEPHEN BECKMAN,

Plaintiff,

v.

LLOYD ARNOLD, RON NEAL, ARRON JONAS, ALICIA WILDFANG,

Defendants.

CAUSE NO. 3:25-CV-373-JD-JEM

OPINION AND ORDER

Christopher Stephen Beckman, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Beckman alleges thirteen of his email messages were "improperly confiscated/disallowed" in November of 2021 by officials at the Indiana State Prison (ISP) and still have not been released to him. ECF 1 at 1; *see also* ECF 1-1 at 28. He describes these emails as "videograms" from "Nikki Doll" in which the individuals depicted are "dressed in sexy outfits posing in a sexy manner." ECF 1-1 at 6. According

to Beckman, the current Indiana Department of Correction (IDOC) Policy 02-01-103 Section XXI relates to kiosk emails/videograms and provides that "videogram messages are to be held to the same standards as physical correspondence." ECF 1 at 1. Beckman states the videograms emailed to him do not violate the IDOC physical correspondence policy because they contain "no nudity, no sex, no illegal gang activity, no hand signs, and none of the other prohibited actions." *Id*. At the time the emails were initially blocked, he wrote to several individuals attempting to resolve the issue informally before filing a formal grievance on May 23, 2023. The Internal Affairs Director, Aaron Jonas, responded and explained that the videograms were confiscated pursuant to IDOC policy because "a person who is participating in a video visit must be dressed the same as for an in person visit." *Id*. at 2. Beckman believes Director Jonas relied on an "obvious typo" in the old version of the policy to deny his request. *Id*. Beckman argued Director Jonas's application of that policy was inapplicable to his videograms, but he was "repeatedly ignored." *Id*.

Beckman then wrote to the IDOC central office requesting clarification. On April 22, 2024, Christina Reagle, who was the Commissioner of the IDOC at that time, issued Executive Directive #24-06, which allegedly "removed the typo from the video visitation policy which was used to improperly deny [Beckman's] grievance." *Id*. After receiving a copy of Executive Directive #24-06, Beckman again wrote to "all of the people whom should have dealt with the issue" and provided them with the Executive Directive. *Id*. They ignored him, so Beckman filed additional grievances on June 11, 2024, and November 12, 2024. He received a response back from Alicia Wildfang for the

2

June grievance on February 24, 2025, denying it for being "outside of the timeframe." *Id*. He received a response from Ms. Wildfang for the November grievance on February 25, 2025, stating she had not been provided with copies of the supporting documentation, which Beckman classifies as a "blatant lie." *Id*. at 3.

Beckman also spoke with Major Wardlow, who told him he would email Director Jonas. He encouraged Beckman to keep writing about the issue, so he wrote to Director Jonas "every day" but never received a response. *Id*. Beckman asked a caseworker to find out why he was being ignored, and Director Jonas allegedly told the caseworker that Beckman would be given "multiple conduct reports" if he continued sending requests to him. *Id*.[1] On November 6, 2024, Beckman wrote to Commissioner Reagle informing her that Director Jonas was "refusing to heed Executive Directive #24-06" to unblock his videograms. *Id*. He didn't receive a response from her either. Beckman has sued Lloyd Arnold, the current Commissioner of the IDOC,[2] Ron Neal, the Warden of ISP, Aaron Jonas, the Director of Internal Affairs at ISP, and Alicia Wildfang, the Grievance Coordinator at ISP. *Id*. at 1. He seeks injunctive relief in the form of having his "improperly blocked" messages unblocked." *Id*. at 4.

Prisoners have an interest protected by the First Amendment in their incoming and outgoing mail. *Van den Bosch v. Raemisch*, 658 F.3d 778, 785–86 (7th Cir. 2011); *Rowe*

---

[1] In an email attached as an exhibit to the complaint, Director Jonas stated, "He was told last year when they were blocked by GTL that they weren't going to be sent through. He just doesn't like the answer. Continuing to send request slips daily is just going to add to the abuse of mail conduct reports." ECF 1-1 at 34.

[2] Commissioner Arnold was appointed by Governor Mike Braun in January 2025. *See* https://www.in.gov/idoc/about/commissioners-office (last visited Jul. 13, 2026).

*v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Incoming mail receives less constitutional protection than outgoing mail and simply asks whether the prison's censorship is "reasonably related to legitimate penological interests." *Felton v. Brown*, 129 F.4th 999, 1011 (7th Cir. 2025) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

As an initial matter, the court must address the scope of Beckman's claims. Beckman seeks only injunctive relief in this lawsuit. He takes issue with the previous version of IDOC Policy 02-01-103 Section XXI but admits it was subsequently revised by Commissioner Reagle on April 22, 2024. He attaches a copy of Executive Directive #24-06 to his complaint as an exhibit, which states in full:

> This Executive Directive presents and authorizes a revision to only Section XXI, B (page 29) of Policy and Administrative Procedure 02-01-103, 'Correspondence.' This revision will replace the version of Section XXI, B with an effective date of August 22, 2023, that was authorized by Executive Directive # 23-39. This Executive Directive is effective immediately and is applicable to all Department facilities and to all individuals committed or sentenced to the Department.
>
> Section XXI has been retitled: TABLET AND KIOSK EMAIL/VIDEOGRAMS
>
> Section XXI, B has been revised from:
>
> 'Incarcerated individuals receiving videograms or pictures shall be informed that the videogram's or picture's content is subject to the same rules and procedure as outlined in this policy and administrative procedure. Individuals appearing in videograms or pictures shall comply with dress and behavior standards as outlined in Policy and Administrative Procedure 02-01-102, 'Visitation.'
>
> to:
>
> 'Pictures and videograms must comply with the requirements for printed matter. Incarcerated individuals receiving pictures or videograms shall be informed that the picture's or videogram's content is subject to the same

> rules and procedure as outlined in this policy and administrative procedure concerning printed matter.'

> This revision will be included in the next full revision of Policy and Administrative Procedure 02-02-103.

> Please ensure that all appropriate staff are made aware of and have access to this Executive Directive. Facilities shall inform the incarcerated population of this revision in its usual and customary manner.

> If there are any questions regarding this Executive Directive, please contact the Department Policy Manager.

ECF 1-1 at 9. Beckman doesn't allege the new version of the policy is unconstitutional or problematic in any way. Accordingly, based on the plain language of the complaint and its attachments, any facial challenge to the IDOC policy itself regarding videograms is moot.

Instead, Beckman alleges the thirteen emails/videograms he received in November of 2021 are being "improperly confiscated/disallowed" *despite* the revised policy that took effect on April 22, 2025. ECF 1 at 1.[3] In essence, he is arguing that his videogram messages are available to distribute but are still being arbitrarily withheld. Giving Beckman the inferences to which he is entitled at this stage, he has plausibly alleged a violation of his First Amendment rights in connection with the thirteen videograms from November of 2021. Further factual development may show there are legitimate reasons for continuing to withhold this correspondence, but he has plausibly

---

[3] Beckman states, "[D]ue to Aaron Jonas going outside of policy which is incredibly clear as to why the Indiana Department of Corrections my interfere with my mail, he is illegally disallowing my mail. As he is choosing to do this outside of policy, and he knows it is outside of policy, this makes his actions not protected as part of his job." ECF 1 at 3. He also sent Commissioner Reagle a letter requesting that "Aaron Jonas, Ron Neal, and the other staff who regularly ignore policy, be made to follow policy and unblock my messages." *Id*.

alleged a viable First Amendment claim at this time. *See Lashbrook v. Hyatte*, 758 F. App'x 539, 542 (7th Cir. 2019) (observing that at the pleading stage, it is difficult to evaluate the prison's interests and the viability of alternatives); *see also, e.g., Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (policies that are themselves constitutional can trigger constitutional violations if they are improperly applied or arbitrarily ignored); *see also Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986) ("capricious interference" with incoming mail can violate the First Amendment).[4]

Even so, Beckman will not be allowed to proceed against all four defendants. His complaint seeks a court order directing his "improperly block[ed] messages to be unblocked." *Id*. ECF 1 at 4. Because Beckman is only seeking injunctive relief in this case, the correct defendant is the Warden of the Indiana State Prison in his official capacity, as he has the ultimate authority and means to unblock the messages at ISP. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (the proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

As a final matter, Beckman has filed two motions related to his legal work allegedly being confiscated. ECF 6 & ECF 7. He claims IDOC officials confiscated "all of

---

[4] The court notes that Beckman will need to prove a violation of the First Amendment rather than simply a violation of IDOC policy. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)).

[his] legal work" on March 29, 2026. ECF 6 at 1. He also says IDOC "underlings" are "attempting to destroy all of the documentation of their actions, and all of the evidence of their obviously improper actions in this case." ECF 7 at 1. These allegations are outside the scope of his current claims. That said, although Beckman doesn't explain what specific materials were confiscated or why he needs them to prosecute this case, the court will send him another copy of his complaint and its attachments. Moreover, to the extent Beckman is seeking an order to prevent the defendants from destroying evidence, a party has a duty to preserve evidence when he knows, or should have known, that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The duty to preserve evidence encompasses any evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. *Larson v. Bank One Corp.*, No. 00 C 2100, 2005 WL 4652509, at *10-11 (N.D. Ill. Aug. 18, 2005). This screening order will be served upon the Warden as notice of this lawsuit. Therefore, because the duty to preserve evidence attaches upon notice of impending litigation, an additional order compelling the preservation of evidence is unnecessary.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Indiana State Prison in his official capacity as a defendant;

(2) GRANTS Christopher Stephen Beckman leave to proceed against the Warden of the Indiana State Prison in his official capacity for injunctive relief to ensure the videograms from November of 2021 are not being improperly withheld in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lloyd Arnold, Ron Neal, Arron Jonas, and Alicia Wildfang;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Indiana State Prison at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of the Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(7) DENIES the motions (ECF 6 & ECF 7); and

(8) DIRECTS the clerk to send Christopher Stephen Beckman a copy of his complaint (ECF 1) and its related attachments (ECF 1-1).

SO ORDERED on July 21, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

8